Fraser A. McAlpine (State Bar No. 248554)
Mariko Mae Ashley (State Bar No. 311897)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: fraser.mcalpine@jacksonlewis.com
E-mail: mariko.ashley@jacksonlewis.com

Attorneys for Defendants
RANDSTAD INHOUSE SERVICES, LLC, RANDSTAD NORTH AMERICA, INC. and SPHERION STAFFING, LLC

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK POPE and JAMAL RICE, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>RANDSTAD INHOUSE SERVICES, LLC, RANDSTAD NORTH AMERICA, INC. and SPHERION STAFFING, LLC,<br><br>Defendants. | Case No. TBA<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332 (AS AMENDED BY THE CLASS ACTION FAIRNESS ACT OF 2005 PUB. L. 109-2, SECTION 4(A) ("CAFA")), 1441(A) AND (B) AND 1446**<br><br>Complaint Filed: 11/29/2018<br>Removal Filed: MM/DD/YYYY |

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFFS MARK POPE AND JAMAL RICE, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants RANDSTAD INHOUSE SERVICES, LLC, RANDSTAD NORTH AMERICA, INC.[1] and SPHERION STAFFING, LLC, (collectively "Defendants"), hereby invoke this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332, 1441(a), and 1446 and remove the above-entitled action to this Court from the Superior

---

[1] Randstad North America, Inc., did not employ either of the plaintiffs and is not a proper defendant.

Court of the State of California in and for the County of Alameda ("Alameda Superior Court"). While Defendants dispute that Plaintiffs MARK POPE and JAMAL RICE (collectively "Plaintiffs") are entitled to any recovery in this action, Plaintiffs' allegations in their Complaint reveal that they have placed in controversy a case that is within the jurisdiction of this Court.

## INTRODUCTION & PROCEDURAL HISTORY

1. On November 29, 2018, Plaintiffs filed a civil complaint against Defendants in the Alameda Superior Court entitled *Mark Pope and Jamal Rice, individually and behalf of all similarly situated individuals v. Randstad Inhouse Services, LLC, Randstad North America, Inc. and Spherion Staffing, LLC.*, Case No. RG18930360 ("Complaint"). Plaintiffs served the Summons and Complaint on Defendants' agent for service of process on December 13, 2018. A true and correct copy of Plaintiffs' Summons and Complaint is attached hereto as **Exhibit A**.

2. Plaintiffs' Complaint sets forth six (6) causes of action, including: (1) Failure to Pay Overtime (Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 9); (2) Unlawful Deductions (Labor Code §§ 221, 223); (3) Failure to Provide Accurate Itemized Wage Statements (Labor Code §§ 226, 1174); (4) Failure to Timely Pay Wages Upon Discharge (Labor Code §§ 201, 202, 203); (5) Failure to Provide Meal Periods (Labor Code §§ 226.7, 512; IWC Wage Order No. 9); and (6) Unfair Business Practices (Business & Professions Code § 17200, *et seq.*). The Complaint did not state the precise amount of damages sought.

3. On January 11, 2019, Defendants filed their Answer to Plaintiffs' Complaint in Alameda Superior Court. A true and correct copy of Defendants' Answer is attached hereto as **Exhibit B**.

4. Exhibits A and B constitute all of the pleadings served on or filed by Defendants in the state court action prior to the filing of this Notice of Removal.

## JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

5. Section 4 of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2) has been amended to provide, in relevant part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action

in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

6. In addition, CAFA confers federal court jurisdiction only where the proposed class involves 100 or more members, or where the primary defendants are not States, State officials, or other governmental entities. 28 U.S.C. § 1332(d)(5).

7. As set forth below, this action satisfies all the requirements for federal jurisdiction under CAFA. This action (1) involves an amount in controversy greater than $5,000,000; (2) involves at least one plaintiff and one defendant who are citizens of different states; (3) involves a putative class of 100 or more purported members; and (4) does not involve a defendant who is a governmental official or entity.

### The Purported Amount in Controversy Exceeds $5,000,000

8. CAFA authorizes the removal of class actions in which the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d).

9. When measuring the amount in controversy, the court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Fong v. Regis Corp.*, 2014 U.S. Dist. LEXIS 275, *5 (N.D. Cal. 2014), citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 992, 1001 (C.D. Cal. 2002).

10. In *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547 (2014), the United States Supreme Court held that, where the complaint is silent as to whether the amount in controversy meets CAFA's jurisdictional threshold of $5,000,000, "a defendant's notice of removal need include only a *plausible* allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554 (emphasis added). For the following reasons, the Complaint places an amount in controversy exceeding $5,000,000.

11. Although the Complaint is silent as to the amount in controversy, the amount in controversy exceeds $5,000,000 as to two causes of Plaintiff's Causes of Action alone: (1) Plaintiffs' Third Cause of Action for Wage Statement Penalties and (2) Fifth Causes of Action for

Waiting, especially considering the following allegations set forth by Plaintiffs:[2]

    a.    The putative class for the Plaintiff's consists of all current and former hourly employees of Randstad or Spherion who were assigned to work at CEVA Logistics U.S., Inc.'s ("CEVA") warehouse in Hayward, California within four years prior to the filing of Plaintiffs' Complaint (since November 29, 2014). (Exhibit A, Compl. ¶ 80.) Plaintiffs estimate this putative class to include "hundreds" of current and former employees. (Compl. ¶ 81.) This allegation is consistent with information known to Defendants that the number of individuals employed by Randstad InHouse Services, LLC or Spherion Staffing, LLC at CEVA's Hayward, California warehouse during the relevant time period exceeds on average at least 400 per work week.

    c.    In their Third Cause of Action, Plaintiffs seek penalties under California Labor Code section 226. Section 226(e) provides that an employee suffering injury as a result of an employer's failure to provide accurate wage statements may recover the greater of (a) actual damages; or (b) fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000). At CEVA's Hayward, CA facility there were over 30,000 wage statements issued in a high turnover environment during the relevant time period.

    d.    Under the Fifth Cause of Action, Plaintiffs seek waiting time penalties under California Labor Code § 203. According to Section 203, an employee who is not timely paid all wages due upon termination may recover a penalty equal to the employee's daily rate of pay for each day the wages are improperly withheld, for up to 30 days. Given the number of employees whose employment was terminated since November 29, 2014, the potential exposure to waiting time penalties significantly increases the amount in controversy. At least 2,200 terminations occurred at CEVA's Hayward, CA facilities since November 29, 2014, with an average rate of pay of approximately $19.19 per hour.

---

[2] The assumptions set forth herein are based on the information provided by the Complaint. Thus, no admission is being made by Defendants with respect to liability, damages, certification, or any other purpose.

f. Accordingly, the amount placed in controversy by Plaintiffs' Third and Fifth Causes of Action alone exceed $5,000,000.

12. The above estimates of the amount in controversy reach the jurisdictional threshold without including the unspecified amount of attorneys' fees that Plaintiffs seek. In determining whether a complaint meets the amount in controversy threshold for a removal under 28 U.S.C. § 1332, a court may also consider the value of claims for attorney's fees. *See Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorney's fees may be taken into account to determine jurisdictional amount); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (holding the amount in controversy may include attorney's fees recoverable by statute).

13. For the foregoing reasons, the amount in controversy is sufficient for removal under CAFA.

### Plaintiffs and Defendants Are Citizens of Different States

14. CAFA's diversity requirement is satisfied when any single member of a class of plaintiffs is a citizen of a state different from any defendant, when at least one member of a class is a citizen of a foreign state and one defendant is a U.S. citizen, or when at least one member of a class of plaintiffs is a U.S. citizen and one defendant is a citizen of a foreign state. 28 U.S.C. § 1332(d)(2).

15. Diversity of citizenship is determined "as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002) (citations omitted).

### Plaintiffs Are Both California Citizens

16. A natural person's citizenship is determined by that person's state of "domicile." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* (citation omitted).

17. Here, both Plaintiffs Mark Pope and Jamal Rice have pleaded that they are citizens of the State of California. (Exhibit A, Compl. ¶¶ 16-17.)

18. Pope alleges that he is a citizen of the State of California, residing in Alameda County. (Exhibit A, Compl. ¶ 16.) Additionally, Pope was domiciled in California while he worked for Randstad and was assigned to CEVA's warehouse in Hayward, California. (*Id.*)

19. Plaintiff Jamal Rice alleges that he is a citizen of the State of California, residing in San Joaquin County. (Exhibit A, Compl. ¶ 17). Plaintiff Rice was also domiciled in California as he worked for Spherion in CEVA's warehouse in Hayward, California. (Id.)

### Defendants Are Not California Citizens

20. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c); *Hertz Corp v. Friend*, 559 U.S. 77, 92-93 (2010).

21. Also for the purposes of diversity jurisdiction, an unincorporated association—such as a limited liability company or partnership—has the citizenship of all its members. *Johnson v. Columbia Props. Anchorage, LP.*, 437 F.3d 894, 899 (9th Cir. 2006); *Godoy v. Bank of New York Mellon*, No. 8:2016-cv-01048, 2016 WL 4072333, at *2 (C.D. Cal. July 29, 2016) ("[A]n LLC is a citizen of every state in which its owners/members are citizens."). For purposes of a removal under the Class Action Fairness Act, however, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

22. Defendant Randstad InHouse Services, LLC is a citizen of the State of Delaware and the State of Georgia. (Exhibit A, Compl. ¶ 20.) Specifically, Randstad InHouse Services, LLC is a limited liability company organized under the laws of Delaware and headquartered in Atlanta, Georgia, where its high-level officers direct, control, and coordinate its corporate activities. (*Id.*) Defendant Randstad InHouse Services, LLC has two members: both Randstad General Partner (US), LLC and Randstad North America, Inc. hold membership interest in Randstad InHouse Services, LLC.

23. Randstad General Partner (US), LLC is a limited liability company organized under the laws of the State of Delaware. Randstad General Partner (US), LLC's headquarters and principal place of business is located in Atlanta, Georgia, where its high-level officers direct,

control, and coordinate its activities. Randstad General Partner (US), LLC's sole member is Randstad North America, Inc.

24. Defendant Randstad North America, Inc. is a citizen of the State of Delaware and the State of Georgia. (Exhibit A, Compl. ¶ 21.) Randstad North America, Inc is a corporation organized under the laws of Delaware and its headquarters and principal place of business is located in Atlanta, Georgia, where its high-level officers direct, control, and coordinate its activities. (*Id.*)

25. Defendant Spherion Staffing, LLC. is a citizen of the State of Delaware and the State of Georgia. (Exhibit A, Compl. ¶ 22.) Defendant Spherion Staffing, LLC is a Delaware limited liability company and is headquartered in Atlanta, Georgia. (*Id.*) Spherion Staffing, LLC's sole member is SFN Group, LLC. SFN Group, LLC is a Delaware limited liability company and is headquartered in Atlanta, Georgia. SFN Group, LLC's sole member is Randstad North America, Inc., which is a Delaware corporation with a headquarters and principal place of business in Atlanta, Georgia.

26. Therefore, the diversity requirement of CAFA removal is satisfied since Plaintiffs Mark Pope and Jamal Rice (*i.e.*, at least one class member) are both citizens of California, whereas all three Defendants—Randstad InHouse Services, LLC, Randstad North America, Inc., and Spherion Staffing, LLC—are citizens of states other than California.

### The Putative Class Consists of More Than 100 Members

27. Plaintiffs have pleaded that Defendants employed hundreds of employees in California during the relevant periods. (Exhibit A, Compl. ¶ 11.) Plaintiffs further allege that they "are informed and believe that there are hundreds of similarly situated Class members in California." (Exhibit A, Compl. ¶ 81.) Plaintiffs also allege that the putative class is so large that joinder of all class members would be impracticable. (*Id.*)

28. Therefore, based on the pleadings set forth by Plaintiffs, the alleged putative class contains more than 100 members.

### No Defendant is a Governmental Official or Entity

29. No defendant is a state, a state official or any other governmental entity.

7

Notice of Removal of Action to Federal Court Under 28 U.S.C. §§ 1332
(As Amended By CAFA), 1441(a) and (b) and 1446                                    Case No. TBA

## VENUE

30.  Venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441(a).  Section 1441(a) provides, in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

31.  As indicated above, Plaintiffs brought this action in Alameda Superior Court.  The United States District Court for the Northern District of California encompasses this territory.  Thus, venue properly lies in the United States District Court for the Northern District of California under 28 U.S.C. §§ 84(a), 1391(a) and 1441(a).

## TIMELINESS OF REMOVAL

32.  This Notice of Removal is timely under 28 U.S.C. § 1446(b).  Plaintiffs served the Summons and Complaint on December 13, 2018, which was the date Defendants first received a paper from which it may first be ascertained that this case is one which may be removed to federal court.  Because the thirty-day deadline set forth by 28 U.S.C. § 1446(b) falls on Saturday, January 12, the application of Fed. R. Civ. P. Rule 6 automatically extends Defendants' deadline to Monday, January 14.  *See, e.g., Pogosyan v. U.S. Bank Trust Nat'l Ass'n*, 2015 U.S. Dist. LEXIS 188927, at * (C.D. Cal. Oct. 22, 2015) (applying Fed. R. Civ. P. Rule 6 to the removal deadline set by 28 U.S.C. § 1446(b)).

33.  Therefore, Defendants' Notice of Removal is timely.

## CONSENT TO REMOVAL

34.  All named defendants in this action consent to this removal.

## NOTICE TO PLAINTIFF AND STATE COURT

35.  In accordance with 28 U.S.C. § 1446(d), Defendants' counsel certifies that a copy of this Notice of Removal and all supporting papers will be served on Plaintiffs' counsel and filed with the Clerk of the Alameda Superior Court.  As such, all procedural requirements under § 1446 are satisfied.

///

# CONCLUSION

36. For the reasons set forth above, Defendants pray that this action be removed to this Court.

Dated: January 14, 2019                    JACKSON LEWIS P.C.

By: _____
Fraser A. McAlpine
Mariko Mae Ashley
Attorneys for Defendants
RANDSTAD INHOUSE SERVICES, LLC, RANDSTAD NORTH AMERICA, INC. and SPHERION STAFFING, LLC

4842-0510-4517, v. 3